# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONNA ANDERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CIV-21-159-F |
| ) | |
| WALMART INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

Defendant Walmart Inc., moves for partial summary judgment (doc. no. 20), contending that plaintiff Donna Anders cannot demonstrate a question of material fact regarding the imposition of punitive damages in this case. Plaintiff has responded and defendant has replied.

Rule 56(a) provides that "[a] party may move for summary judgment, identifying each claim or defense—or part of each claim or defense—on which summary judgment is sought." Rule 56(a), Fed. R. Civ. P. Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id*. In deciding whether summary judgment is appropriate, the court does not weigh the evidence and determine the truth of the matter asserted, but only determines whether there is a genuine issue of material fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). A dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id*. at 248. A fact is "material" if under the substantive law it is essential to the proper disposition of the claim. *Id*. In adjudicating a motion for summary judgment, the court views the evidence and draws all reasonable inferences therefrom in the light most favorable to plaintiff, the

non-moving party. McGehee v. Forest Oil Corporation, 908 F.3d 619, 624 (10th Cir. 2018).

This case was originally commenced in state court. Defendant timely removed the action to this court based upon the existence of diversity jurisdiction. In her petition, plaintiff alleged that while shopping in the produce area of defendant's store, she slipped and fell, sustaining personal injury. According to plaintiff, she slipped because the "floor was slick and/or had slippery substance on it." Doc. no. 1-2, ¶ 2. While the petition did not expressly request punitive damages, defendant acknowledges that language included in the pleading indicates plaintiff may be seeking punitive damages. However, defendant argues that the facts and circumstances surrounding the alleged slip and fall incident do not give rise to an award of punitive damages. Defendant asserts this case presents as a "garden-variety slip and fall" case, without any evidence to infer that it acted with gross negligence or with reckless disregard for the rights of others. Consequently, defendant contends that summary judgment as to any alleged punitive damages request is appropriate.

Plaintiff responds that a reasonable jury could infer, from the evidence in the record, that defendant knew or should have known of the existence of a dangerous condition, and at a minimum acted with reckless disregard of the safety of its customers, including plaintiff, in failing to take action to remediate it. Plaintiff points to her testimony (i) as to the amount of substance on the floor (back of shirt and shorts "all wet," doc. no. 24-2, at 6-7), and its origin (dripping from ceiling), and (ii) that the floor was really dirty (doc. no. 24-2, at 8), her healthcare providers required her to stay an extra day in the hospital for antibiotics treatment to avoid infection. She also points to defendant's policies and procedures which specifically require prompt cleaning of any, and all, spills. In any event, plaintiff asserts that punitive damages are a remedy, instead of a claim, and thus, not a proper subject for summary judgment.

Defendant replies that a violation of its policies and procedures is not sufficient to give rise to a punitive damages award.  Additionally, the company asserts that punitive damages are special damages, and as such must be specifically alleged in the petition.  Because they were not specifically alleged, defendant argues the court should grant summary judgment in its favor.  Lastly, defendant asserts that the issue of punitive damages is regularly addressed at the summary judgment stage and the court should proceed with ruling on the issue.

Upon review, the court concludes that summary judgment is not appropriate.[1] While the court concurs with defendant that the issue of punitive damages may be properly decided at the summary judgment stage, *see*, Newsome v. Tull, CIV-18-791-HE, 2019 WL 5197567, *2 (W.D. Okla. July 22, 2019), the court opines that the recoverability of punitive damages in this action is best resolved at trial with the benefit of a complete record.  Admittedly, the record now before the court gives *ample* room for skepticism as to whether the issue of punitive damages will be submitted to the jury, but the court is not inclined to go so far as to take that issue out of the case before trial.

Accordingly, Defendant's Motion for Partial Summary Judgment (doc. no. 20) is **DENIED**.

IT IS SO ORDERED this 29th day of December, 2021.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-0159p006.docx

---

[1] The court declines to address defendant's argument that summary judgment should be granted on the ground plaintiff did not specifically allege a request for punitive damages in her petition. The court need not address the argument because it was raised for the first time in its reply brief. Reedy v. Werholtz, 660 F.3d 1270, 1274 (10th Cir. 2011) ("[T]he general rule in this circuit is that a party waives issues and arguments raised for the first time in a reply brief.")

3